# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| **Plaintiff,** | |
| v. | Case No. 2:20-cr-95 |
| | Judge Sarah D. Morrison |
| **LARRY DEAN PORTER,** *et al.*, | : |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on pre-trial motions filed by the Government and Defendant Larry Dean Porter. (ECF Nos. 384, 393, 398, 400, 401, 402, 404, 405, 428.)

### I. MOTION FOR BILL OF PARTICULARS (ECF No. 384)

Mr. Porter requests particulars identifying: (1) specific dates of the alleged acts that form the basis of counts one, two, three, five, and six; (2) the full names of alleged victims referenced in the indictment and/or who will be referenced at trial; and (3) the names of any unindicted coconspirators who are alluded to in the indictment and will be referenced at or testify during trial. (ECF No. 384.) The Government responds that the dates in the Second Superseding Indictment and provided in discovery are sufficient to provide Mr. Porter with notice, and the alleged minor victims cannot be expected to recall precise dates given the alleged abuse was ongoing. (ECF No. 430.) In addition, identifying information for alleged

victims and unindicted coconspirators has been provided to Mr. Porter, most recently and completely in two *Jencks* material productions. (*Id.* PageID 2125.)

> The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). The Court finds Mr. Porter has sufficient information "to enable him to prepare for trial," to avoid or minimize surprise, and to plead his acquittal. The Motion is **DENIED**.

## II.     MOTION IN LIMINE STANDARD OF REVIEW

Motions in limine allow the Court to rule on the admissibility of evidence in advance of trial to expedite proceedings and provide the parties with advance notice of the evidence upon which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.,* No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016). Whether to grant a motion in limine is within the discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give

context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

    A.    *Motion in Limine to Exclude Evidence of Facebook Messages and/or Facebook Messenger (ECF Nos. 393, 404)*

Former-Defendant W. David Cole filed a Motion in Limine to Exclude Evidence of Facebook Messages and/or Facebook Messenger. (ECF No. 393.) Mr. Porter joined Mr. Cole's motion. (ECF No. 404.) The Government opposes. (ECF No. 425.)

Subsequent to filing his Motion, Mr. Cole entered into a plea agreement (ECF No. 410), and his plea was taken on July 11, 2022 (ECF No. 420). Mr. Cole's Motion is therefore **DENIED AS MOOT**.

In joining Mr. Cole's Motion, Mr. Porter argues the Court should exclude any and all evidence relating to Facebook Messenger accounts and the contents thereof. (ECF Nos. 393, PageID 1907; 404.) The Government intends to introduce Facebook communication between Mr. Porter and coconspirators as evidence of elements of the crimes for which he has been indicted. (ECF No. 425, PageID 2089–90.) But Facebook can only verify messages exchanged between accounts, Mr. Porter contends; it cannot verify the content of the messages. (ECF No. 393, PageID 1909.) He further argues that Federal Rule of Evidence 803(6) is intended to encompass business records that are reliable and accurate; because the Facebook platform can only certify messages were transmitted between accounts, the Facebook messages

3

do not satisfy Rule 803(6) and cannot be authenticated by way of Federal Rule of Evidence 902(11).[1] (*Id.* PageID 1910–11.)

The Government responds that the Facebook messages are properly authenticated under Federal Rules of Evidence 902(11) and 901, and Mr. Porter's proposed remedy to exclude the messages is inappropriate. (ECF No. 425.) The Government avers the Facebook messages are properly categorized as self-authenticating business records as long as a "custodian or other qualified person" certifies them and the defendant has fair opportunity to challenge them. (*Id.* PageID 2091.) The Government explains further it intends to use Rule 902(11) only to verify certain aspects of the communications over the platform, such as that certain communications took place between certain Facebook accounts, on particular dates, or at particular times; the content of any messages would then need to be examined for relevance and hearsay. (*Id.*) The Government intends to argue certain message content is both relevant and admissible as non-hearsay or pursuant to a hearsay exception. (*Id.* PageID 2092.) Finally, the Government argues that, even if the Court finds Rule 902(11) cannot be used to authenticate the

---

[1] Federal Rule of Evidence 902(11) states the following items of evidence are self-authenticating and require no extrinsic evidence of authenticity in order to be admitted: "The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them."

Facebook messages, exclusion is not appropriate because the messages can also be authenticated under Rule 901. (*Id.* PageID 2093.)

These evidentiary issues will be more appropriately resolved on a case-by-case basis at trial upon objection by Defendants. Mr. Porter's Motion is therefore **DENIED**.

    B.    *Motions in Limine Re. Stephen Sparks' Books, Codefendant Statements, and Michael Mearan (ECF Nos. 398, 400, 401)*

Mr. Porter filed motions in limine to preclude: (1) all evidence of and references to two, self-published books by Stephen Sparks about Mr. Porter (ECF No. 398); (2) the admission of non-testifying codefendants' statements at trial under *Crawford v. Washington*, 541 U.S. 36 (2004), *Bruton v. U.S.*, 391 U.S. 123 (1968), and the Sixth Amendment of the United States Constitution (ECF No. 400); and (3) all evidence of and reference to deceased attorney Michael Mearan (ECF No. 401). The Government responds that it does not intend to seek to introduce any evidence related to Mr. Sparks' books or Mr. Mearan, and that it is aware of the restriction outlined in *Bruton* and does not intend to violate them. (ECF No. 429, PageID 2121–22.) Given the Government's response, Mr. Porter's Motions in Limine at ECF Nos. 398, 400, 401 are **DENIED AS MOOT**.

    C.    *Motion in Limine to Exclude Reference to Motorcycle Club Affiliation (ECF No. 402)*

Mr. Porter moves for an order precluding the Government from introducing evidence of Mr. Porter's "association with any motorcycle clubs (aka motorcycle gangs), including any references to motorcycle club involvement in criminal behavior." (ECF No. 402.) He argues such evidence is inadmissible because it is not

5

relevant and its probative value is outweighed by the danger of unfair prejudice. (*Id.* PageID 1963.) Any involvement Mr. Porter had in a motorcycle club or gang is not relevant, Mr. Porter urges, because such involvement was not connected to the charged crime. (*Id.* PageID 1966.) In addition, any introduction of motorcycle club or gang involvement would be to show a propensity for drug dealing or sex trafficking, or otherwise demonstrate bad character, which are all improper purposes. (*Id.* PageID 1967.) Because the risk of unfair prejudice is great and substantially outweighs the probative value of any evidence, he argues it should be excluded. (*Id.* PageID 1967–68.)

The Government counters that while it "has no intention of delving into" Mr. Porter's involvement with motorcycle organizations, "the simple fact is that he regularly rode a motorcycle, he frequently did so with his friends (including some of his codefendants) and the victims in this case, and one or more witnesses will testify" that they knew Mr. Porter because of his involvement with motorcycle clubs. (ECF No. 429, PageID 2120.) The Government avers it does not intent to inquire about these motorcycle clubs in a way that would suggest or reveal violent acts. (*Id.*) It asserts that passing references to the fact Mr. Porter road motorcycles do not create a risk of unfair prejudice. (*Id.*)

Th Court finds no undue prejudice will result if the testimony and questioning by the Government is limited to the passing references as described above. If victim or witness testimony does deviate and begin to reveal or suggest

6

prejudicial violent acts related to the motorcycle clubs, Mr. Porter can object and the Court will rule on the objection. This Motion in Limine therefore is **DENIED**.

      D.     *Motion in Limine to Preclude Evidence Pursuant to Federal Rule of Evidence 412 (ECF No. 405)*

The Government moves for an order pursuant to Federal Rule of Evidence 412, prohibiting the Defendants from introducing evidence regarding the sexual history of any of the victims in this case. (ECF No. 405.) The Government argues the exceptions to Rule 412 do not apply and even if evidence was admissible under Rule 412, it is inadmissible under Federal Rule of Evidence 403 because it is irrelevant, and any potential relevance is substantially outweighed by the risk of unfair prejudice. (*Id.* PageID 1980–84.)

Mr. Porter does not oppose the Government's Motion, but rather asks the Court to "limit its ruling." (ECF No. 424.) Specifically, Mr. Porter explains, "[t]he defense may explore the [adult] victims' prior drug use, their possible bias against the defendant, whether they consented to prostitute for the defendant during the time frame alleged in the indictment, and whether they were coerced into prostitution or motivated by money." (*Id.* PageID 2086–87.) Mr. Porter states that he "intends to abide" by Rule 412, but there "may be instances where the alleged victims open the door to evidence otherwise covered by the Rule." (*Id.* PageID 2087.) If that happens the defense counsel will ask for a sidebar. (*Id.*)

Rule 412 bars evidence offered to prove (1) "that any alleged victim engaged in other sexual behavior" or (2) "any alleged victim's sexual predisposition." There are three exceptions to this rule: (1) "to prove that a person other than the

7

defendant was the source of semen, injury or other physical evidence"; (2) to prove consent; or (3) "evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b). The relevant Rule 412 exceptions do not apply to the minors. *See* Ohio Rev. Code §§ 2907.01–2906.06; 18 U.S.C. §§ 1591, 2251.

Given Mr. Porter's response, the Government's Motion is **DENIED AS MOOT**. However, as to the adult victims, the Court will proceed pursuant to defense counsel's suggestion in its responsive memorandum—should a Rule 412 issue arise when an adult victim is being questioned, the Court and parties will sidebar prior to proceeding further.

**III. RESPONSE TO GOVERNMENT'S EXPERT WITNESS DISCLOSURE AND OBJECTION TO GOVERNMENT'S EXPERT DISCLOSURE (ECF No. 428)**

The Government filed its expert witness disclosures (ECF No. 392), and Mr. Porter filed a response and objection to those disclosures (ECF No. 428). Most of Mr. Porter's objection is about Dr. John Sprague, Ph.D., Director of Scientific Research for the Ohio Attorney General and the Bureau of Criminal Investigations Eminent School at Bowling Green State University, who the Government anticipates calling as an expert witness in the fields of pharmacology, toxicology, and the neurobiology of addiction. (ECF Nos. 392, 428.) While Mr. Porter concedes Dr. Sprague credentials are substantial and establish his expertise in his field, Mr. Porter argues Dr. Sprague's testimony will not help the trier of fact understand evidence or determine a fact issue. (ECF No. 428, PageID 2112.) "The biological and psychological impact of addiction on the brain and body are all too familiar with this

8

Southern District of Ohio jury pool, " says Mr. Porter and "[a]ny potential jury selected from this community is capable as Dr. Sprague of determining if addiction played a role in the actions of the Government's witnesses." (*Id.* PageID 2112.) Mr. Porter also argues this Court should exclude Dr. Sprague's testimony because the Government's Federal Rule of Criminal Procedure 16(a)(1)(G) disclosure is too basic and vague; or alternatively, this Court should order the Government provide a more comprehensive summary. (*Id.* PageID 2113–14.) Finally, Mr. Porter asks the Court to give a jury instruction so the jury understands the dual roles the Government's other disclosed witnesses (law enforcement personnel) may serve in as both expert and fact witnesses. (*Id.* PageID 2115–16.)

Mr. Porter's first argument as to Dr. Sprague is not well-taken. The Sixth Circuit's guidance in *U.S. v. Bixler* is informative here. No. 21-5194, 2022 WL 247740, at *4 (6th Cir. Jan. 27, 2022), cert. denied, 142 S. Ct. 2838 (2022). The jury in *Bixler* found the defendant guilty of, *inter alia*, sex and drug trafficking. *Id.* at *1. At trial, the Government offered expert witness testimony from an addiction specialist, Dr. Kelly Clark, who testified about the physical and psychological impacts of drug dependency, addiction, and withdrawal. *Id.* at *4–5. Similar to Mr. Porter's argument here, the defendant on appeal argued Dr. Clark "did not testify on matters 'beyond the ken of the average juror,' and thus 'invaded the province of the jury.'" *Id.* at *4. The Sixth Circuit disagreed, finding the district court had not abused its discretion by allowing Dr. Clark's testimony. *Id.* at *5. The Sixth Circuit explained that Dr. Clark's testimony "helped the jury contextualize the women's

9

vulnerabilities and understand the power Bixler held over them—subjects that likely are beyond an ordinary juror's knowledge or experience." *Id.* (citing Patrick Eoghan Murray, *In Need of a Fix: Reforming Criminal Law in Light of a Contemporary Understanding of Drug Addiction*, 60 UCLA L. Rev. 1006, 1025 (2013) ("For a judge or jury to get inside the mind of a drug addict requires understanding th[e] mysterious and self-destructive compulsion [to consume drugs] that has no analog for nonaddicts.")); *see also U.S. v. Bell*, No. CR 17-20183, 2022 WL 1014497, at *4 (E.D. Mich. Apr. 5, 2022) (refusing to exclude expert testony because "drug dependency, addiction, and withdrawal are outside the knowledge of the average juror").

Mr. Porter's Rule 16(a)(1)(G) request is denied. The Government explicitly states in its Disclosures "[t]he defendant should review previously provided materials and this Notice and advise as to whether any further information is needed to adequately prepare for trial." (ECF No. 392, PageID 1873.) The Court will not, therefore, take the drastic measure of excluding Dr. Sprague's testimony where the Government has offered to provide defense counsel with additional information; nor does the Court find an order is necessary given the Government's offer. The Court trusts in the professionalism of counsel to resolve this matter.

Finally, Mr. Porter can propose an appropriate jury instruction to ensure the jury is properly informed of the dual roles of law enforcement personnel testifying as expert and fact witnesses.

10

Mr. Porter's response and objection to the Government's expert witness disclosures is **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above: Mr. Porter's Motion for Bill of Particulars is **DENIED** (ECF No. 384); former-Defendant W. David Cole's Motion Limine to Exclude Evidence of Facebook Messages and/or Facebook Messenger is **DENIED AS MOOT** (ECF No. 393) and Mr. Porter's Motion joining Mr. Cole's Motion is **DENIED** (ECF No. 404); Mr. Porter's Motions in Limine Re. Stephen Sparks' Book, Codefendant Statements, and Michael Mearan are **DENIED AS MOOT** (ECF Nos. 398, 400, 401); Mr. Porter's Motion in Limine to Exclude References to Motorcycle Club Affiliations is **DENIED** (ECF No. 402); the Government's Motion in Limine to Preclude Evidence Pursuant to Federal Rule of Evidence 412 is **DENIED AS MOOT** (ECF No. 405); and Mr. Porter's Response to Government's Expert Witness Disclosure and Objection to Government's Expert Disclosure is **DENIED**. (ECF No. 428.)

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**